# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2012

Lyle W. Cayce
Clerk

No. 12-10062
Summary Calendar

ANTWON PARKER,

Plaintiff - Appellant

v.

KIMBERLY FISK, Physician Assistant; MR. NFN MARKEZ, Extortion Officer,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-116

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antwon Parker, Texas prisoner # 1311517, proceeding *pro se* and *in forma pauperis*, challenges the failure-to-state-a-claim dismissal of his 42 U.S.C. § 1983 civil-rights action. Parker contends:  Fisk failed to respond to his medical needs; she retaliated against him for complaining about her; and, post-judgment, he should have been allowed to amend his complaint.

After accepting plaintiff's factual allegations as true, if no relief can be granted as a matter of law, an action may be dismissed. *Harris v. Hegmann*, 198

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 153, 156 (5th Cir. 1999). To establish a claim of unconstitutional medical care, Parker must show Fisk acted with deliberate indifference to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Parker's pleadings reflect that he received frequent and responsive medical care. He concedes he was given a bottom bunk and has not been required to work. Though he was not given the bottom-row cell restriction he requested, he was provided medication and other restrictions. Parker's claims about the care and attention provided by Fisk show merely a disagreement about what care was proper. Such allegations do not state a claim of deliberate indifference. *See id.* at 346.

In claiming Fisk retaliated against him, Parker contends Fisk hindered his efforts to obtain medical records and temporarily discontinued his pain medication. Obviously, prison officials may not retaliate against an inmate for exercising the right to complain about misconduct or to gain access to the courts. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). Understandably, our court regards such retaliation claims "with skepticism". *Id.* at 1166. Parker's pleadings indicate that prison officials responded to his record requests and do not allege specific facts to show that Fisk was responsible for any delay in record production. And, Parker's expressions of annoyance with the prison bureaucracy do not constitute specific factual allegations showing he was denied his medical records as a result of an unconstitutional motive. *See id.*

Concerning the two-month denial of pain medication, the pleadings reflect that Fisk had offered to give Parker new pain medications but that Parker only sought the bottom-row restriction. The pleadings also reflect that prison officials believed Parker had refused pain medications. Moreover, Parker alleged no specific fact that would show Fisk was personally responsible for discontinuing such medication or that she refused to reorder it. In short, Parker's allegations, if true, do not establish that the interruption in his pain medication arose from retaliation or any other unconstitutional motivation.

No. 12-10062

Our court reviews for abuse of discretion the district court's denial of Parker's post-judgment motion to amend; the denial will stand if Parker "has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling". *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Parker fails to show he could not have amended his complaint before dismissal. Moreover, his proposed amended complaint is virtually indistinguishable from his original complaint; therefore it would have been futile.

Finally, our consideration of Parker's claims against Markez–and Parker's challenge to the severance of those claims–is barred by the final disposition of those claims in *Parker v. Markez*, No. 2:11-CV-285 (N.D. Tex. 9 Jan 2012), and *Parker v. Markez*, No. 12-10047 (5th Cir. 8 Feb. 2012) (dismissing appeal).

AFFIRMED.